# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROY WILLIAMS,** | } |
| **Plaintiff,** | } |
| v. | }  Case No.:  CV 04-P-3396-M |
| **YACHIYO MANUFACTURING OF ALABAMA, LLC,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

The court has before it Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #18) filed on February 8, 2005.[1]  The motion has been fully briefed and the court heard oral argument on March 3, 2005.[2]

**I.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to

---

[1] Defendants' motion to dismiss attaches matters outside of the pleadings–court documents from related cases filed in the Circuit Court of St. Clair County, Alabama, and the Northern District of Alabama.  Rule 12(b) provides: "If on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b)(6).  However, "[i]t is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."  *Jones v. Automobile Ins. Co. of Hartford, Conn*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985).  In this case, the court finds that it need not consider matters outside of the pleadings presented to the court as part of the motion to dismiss, because the court can take judicial notice of the court records presented pursuant to *U.S. v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  Accordingly, the court will *not* convert the motion to dismiss to a Rule 56 motion for summary judgment.

[2] The Defendant's Motion for Sanctions (Doc. # 25), filed seven minutes before oral argument began on March 3, 2005, will be denied.

state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

**II.   Relevant Facts**

The following is a summary of the facts as alleged in the Plaintiff's amended complaint and as established by the attachments to the amended complaint and the court records in the related cases filed in the Circuit Court of St. Clair County, Alabama, and the Northern District of Alabama.

Plaintiff was employed by Defendant in Steele, Alabama, St. Clair County. On December 15, 2003, Plaintiff filed a lawsuit against Defendant in the Northern District of Alabama before Judge Propst alleging racial discrimination and harassment. (Civil Action No.: CV-03-PT-3305-M)

2

(hereinafter the "Federal Discrimination Action"). Henry Penick, Plaintiff's attorney in this action, also represented him in that case.

Plaintiff filed a complaint against Defendant for workers' compensation benefits, which was later amended to include a claim for workers' compensation retaliatory discharge, in the Circuit Court of St. Clair County, Alabama before Judge Hereford. (Case No.: CV-03-1252-WHR) (hereinafter the "State Court Action"). Leon Garmon represented him as counsel in that action.

Plaintiff also filed: (1) an unfair labor practice charge with the NLRB alleging that his employment with Defendant was terminated because of his union activities; and (2) another Charge of Discrimination with the EEOC under Title VII alleging that he was terminated in retaliation for his filing EEOC charges and complaints.

On August 6, 2004, the parties, represented by Penick and counsel for Defendant in this case, reached a settlement through mediation and agreed to settle all of Plaintiff's claims against Defendant, with the exception of Plaintiff's claim for workers' compensation benefits. Thus, the settlement included: (1) all of the claims in the Federal Discrimination Action; (2) all of the claims in his EEOC charge alleging that he was terminated in retaliation for his EEOC charges; (3) the workers' compensation retaliatory discharge claim pending in the State Court Action; and (4) the unfair labor practice charge filed on behalf of plaintiff alleging that he was terminated because of his union activities. Under this agreement, Defendant agreed to pay Plaintiff and counsel for Plaintiff $26,000.00 in settlement for the above-referenced claims.

On October 29, 2004, Defendant received notification that Garmon had withdrawn as counsel for Plaintiff in the State Court Action. On November 3, 2004, Penick filed a Notice of Appearance in the State Court Action, and the parties executed a settlement agreement memorializing the

settlement previously reached on August 6, 2004. On November 5, 2004, Garmon filed in the State Court Action a Notice of Lien for expenses and attorney fees "in a reasonable portion of the $26,000.00 settlement."

On November 8, 2004, the parties filed a stipulation of dismissal in Federal Discrimination Action. Judge Hereford also dismissed Plaintiff State Court Action, and Plaintiff withdrew his unfair labor practice charge.

On November 18, 2004, Defendant filed an interpleader action in the Circuit Court of St. Clair County, submitting the $26,000.00 settlement funds to court to determine the proper allocation among the parties and attorneys.

On November 24, 2004, Plaintiff filed in the Federal Discrimination Action a Motion to Set Aside Dismissal and for Status Conference, alleging that Defendant failed to pay Plaintiff and did not properly perform on the settlement agreement because Defendant filed an interpleader and submitted the entire settlement amount into state court for the resolution of Garmon's attorney's lien. On December 7, 2004, after having heard argument from the parties, Judge Propst denied Plaintiff's motion to set aside the dismissal. Judge Propst noted that he did not reach the issue of whether he had jurisdiction to consider Plaintiff's motion to set aside the dismissal.

Subsequently, on December 8, 2004, Plaintiff filed his complaint in this action, alleging that Defendant breached the settlement agreement by failing to pay Plaintiff and that Defendant fraudulently misrepresented that it had filed an appeal of Plaintiff's unemployment compensation award.

**III.   Discussion**

Defendant argues that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure because this court lacks subject matter jurisdiction over his claims. Plaintiff has the burden of demonstrating subject matter jurisdiction in his complaint. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction." *Kokkonen*, 511 U.S. at 377. For the reasons articulated below, the court finds that Plaintiff's claims lie outside the court's jurisdiction because Plaintiff has not established a basis for federal jurisdiction.

Plaintiff's amended complaint fails to state any basis for federal jurisdiction as required by Rule 8(a). Plaintiff's amended complaint states only that "Plaintiff demands this Court will take jurisdiction over this matter and declare the settlement agreement void . . . ." (Amended Complaint, ¶ 5). It appears from Plaintiff's opposition to Defendant's motion to dismiss that the only basis for jurisdiction sought by Plaintiff is federal question jurisdiction. Plaintiff avers that jurisdiction "is not sought based on diversity, but on fraudulent inducement to settle an action brought pursuant to statutes and acts of congress." (Doc. # 22, at 2).[3] Plaintiff notes that, "[t]his case arises out of breach of a settlement agreement of an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. as amended, and the Civil Rights Act of 1866, 42 U.S.C. 1981." (Doc. # 22, at 1).

This court lacks federal question jurisdiction. It is undisputed that the only claims asserted by plaintiff are state law contract and fraud claims. (Amended Complaint). Such claims do not "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even though the allegedly breached settlement agreement was executed in a case pending in the Northern

---

[3] Even if Plaintiff sought diversity jurisdiction, it does not exist in this case. Even assuming that the amount in controversy were more than $75,000.00, Plaintiff and Defendant both reside in Alabama.

5

District of Alabama, the Supreme Court of the United States has made clear that federal district courts lack subject matter jurisdiction over actions brought to enforce settlement agreements from which a federal court case was dismissed, unless the dismissal order incorporated the terms of the settlement agreement or stated that the court would retain jurisdiction for enforcement of the agreement:

> No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court. . . .The short of the matter is this: the suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. . . . [W]e think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, regain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state court, unless there is some basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381; *see also In re T2 Medical, Inc. Shareholder Litigation*, 130 F.3d 990, 994-95 (11th Cir. 1997) (dismissing action to enforce settlement agreement for lack of subject matter jurisdiction).

Here, it is undisputed that Judge Propst's order did not embody the settlement agreement or retain jurisdiction over disputes regarding enforcement of the settlement. In fact, Judge Propst denied Plaintiff's motion to set aside the dismissal which sought essentially the same relief as Plaintiff's complaint in this case.[4]

---

[4] Regardless, even if Judge Propst's order did retain jurisdiction to enforce the settlement, Plaintiff would need to seek enforcement of the settlement agreement with Judge Propst, not by filing a separate enforcement action with another judge of the Northern District of Alabama.

Moreover, Plaintiff's citation to a provision of the settlement agreement stating that the only exceptions to the releases provided in the agreement include the right of a party to bring an action to enforce the agreement in the United States District Court for the Northern District of Alabama is unavailing. Such a provision is not sufficient to confer subject matter jurisdiction on this court. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 337. Individual parties cannot by themselves create jurisdiction in the federal courts by agreement. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279 n.1 (11th Cir. 2001) ("[P]arties cannot create federal jurisdiction by agreement.")

Plaintiff has failed to meet his burden of showing a basis for federal question jurisdiction and therefore, Defendant's motion to dismiss is due to be granted.[5]

---

[5] Even if this court had subject matter jurisdiction over Plaintiff's claims, two other bases for dismissal exist: (1) Plaintiff's claims are barred by the doctrine of collateral estoppel; and (2) Plaintiff's claims are duplicative of a state court action. The doctrine of collateral estoppel bars Plaintiff's claims in this case because he seeks the same relief that was denied by Judge Propst in the Federal Discrimination Action. "Under Alabama law, the elements of collateral estoppel are: (1) 'an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that the resolution of the issue was necessary to the prior judgment; and (4) the same parties.'" *United States v. Jones*, 837 F.Supp. 1145, 1147 (S.D. Ala. 1993) (citing *Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 726 (Ala. 1990)). In this action, Plaintiff claims that Defendant breached the settlement agreement and committed fraud by paying the $26,000.00 settlement amount into an interpleader action rather than paying it to Plaintiff. Judge Propst previously rejected these arguments by denying Plaintiff's motion to set aside the settlement agreement and the order of dismissal. (Doc. # 18, Ex. D). Moreover, Plaintiff's claims in this case are due to be dismissed because Plaintiff has already accepted state court jurisdiction over the settlement funds by requesting that the Circuit Court of St. Clair County pay Plaintiff a total of $7,000.00 of the settlement funds in interpleader. (Doc. # 18, Ex. E). Plaintiff cannot litigate the same matter in two courts. Because Plaintiff has accepted the jurisdiction of the state court to resolve the allocation of the disputed funds, Plaintiff's complaint in this case is duplicative.

**IV.** **Conclusion**

For the reasons outlined above, the court finds that the Defendants' motion to dismiss is due to be granted. The Defendant's Motion for Sanctions is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this   4th   day of March, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE